UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**UNITED STATES OF AMERICA,**

  *Plaintiff*,

v.                                                          Case No. SA-20-CR-00396-JKP

**(1) ALEXANDER EMMANUEL RIOS,**

  *Defendant*.

# O R D E R

Before the Court is Defendant Alexander Emmanuel Rios' Motion to Dismiss the Indictment. *See* ECF No. 90. Rios argues the indictment should be dismissed because the statute under which he was charged, 18 U.S.C. § 922(n), is unconstitutional both facially and as applied to him. For the reasons described in the Court's Memorandum Opinion and Order in *United States v. Simien*, the Court finds §922(n) is constitutional, both facially and as applied to Rios,[1] and Rios' Motion is, therefore, **DENIED**. *See United States v. Simien*, ___ F.Supp.3d ___, 2023 WL 1980487 (W.D. Tex. Feb. 10, 2023).

On October 19, 2022, the Court stayed this case pending a Fifth Circuit decision on the constitutionality of § 922(n). *See* ECF No. 100. In the intervening months, the Fifth Circuit has rejected multiple § 922(n) challenges on plain error review. *See United States v. Avila*, No. 22-50088, 2022 WL 17832287 (5th Cir. Dec. 21, 2022), *cert. denied* (May 22, 2023); *see also United States v. Morrison*, No. 22-10570, 2023 WL 2366984 (5th Cir. March 6, 2023); *United States v. Williams*, No. 22-10129, 2023 WL 2342341 (5th Cir. March 3, 2023). As of the time of

---

[1] Rios asserts an "as applied" challenge but makes no argument as to why § 922(n) is unconstitutional as applied to him. The Court therefore denies relief based on his as applied challenge.

this Order, the Fifth Circuit has yet to rule on the merits of a § 922(n) *Bruen* challenge. However, the only Fifth Circuit opinion overturning a § 922 statute, *United States v. Rahimi*, expressly states its discussion "is not to cast doubt on firearm restrictions that attach during criminal proceedings prior to conviction," such as § 922(n), because "[t]hose restrictions are not before us." 61 F.4th 443 at 452, n.6 (5th Cir. 2023). Furthermore, the Government has appealed the *Rahimi* decision to the U.S. Supreme Court.

District courts are split on § 922(n)'s constitutionality. In the Western District of Texas, two district courts found § 922(n) unconstitutional under the *Bruen* framework. *See United States v. Quiroz*, ___ F.Supp.3d ___, 2022 WL 4352482 (W.D. Tex. Sept. 19, 2022), *appeal docketed*, No. 22-50834 (Sept. 21, 2022); *United States v. Hicks*, ___ F.Supp.3d ___, 2023 WL 164170 (W.D. Tex. Jan. 9, 2023), *appeal docketed*, No. 23-50030 (Jan. 12, 2023). However, in addition to this Court's *Simien* opinion, at least one other Western District of Texas Court found § 922(n) is constitutional. *See United States v. Posada*, ___ F.Supp.3d ___, 2023 WL 3027877 (W.D. Tex. April 20, 2023.). Courts across the country are similarly split. *See United States v. Adger*, 2023 WL 3229933, at *3 (S.D. Ga. May 3, 2023) (collecting cases).

Given this Court's *Simien* decision and the decisions of other courts similarly rejecting *Bruen* challenges to § 922(n), the Court finds Rios' is motion to dismiss is now ripe for ruling. The Court heard oral argument on the motion in a May 2, 2023 hearing, and provided the parties an opportunity to submit supplemental written briefs, which both parties did. *See* ECF Nos. 122, 123, 128, 129, 130. Specifically, the Court asked the parties to brief the question of what effect finding § 922(n) unconstitutional would have on a court's ability to impose firearms restrictions as a pretrial condition of release. In so doing, the Court recognized that while firearms-related pretrial conditions of release originate from a different statute than § 922(n) (the Bail Reform

Act), the underlying constitutional issue is the same. The question in both cases is whether prohibiting a person under indictment from having a weapon is constitutional. Rios misconstrues the Court's questioning as reliance on the Bail Reform Act as a historical analogue to §922(n); however, that was not the reason for the Court's questions. The Court finds, consistent with the Government's view, that finding § 922(n) unconstitutional would necessarily affect firearms-related pretrial conditions of release. Furthermore, for the reasons stated in the Court's *Simien* opinion, the Court finds both § 922(n) and the Bail Reform Act are sufficiently grounded in the Nation's history and tradition of firearms restrictions to pass constitutional muster.

Nothing in Rios' most recent briefings calls into question the Court's finding that § 922(n) is constitutional. Rios restates arguments and relies on historical evidence previously considered and rejected by this Court and others. Therefore, based on the lack of binding, post-*Bruen* authority finding § 922(n) unconstitutional, and this Court's finding in *Simien* that § 922(n) is constitutional, denial of Rios' motion is proper.

**IT IS THEREFORE ORDERED** that Rios' Motion to Dismiss the Indictment is **DENIED**. *See* ECF No. 90.

It is so ORDERED.
SIGNED this 26th day of May, 2023.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE